**FILED**
APR 18 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROLLIN LEE SPENCER, )
  ) 
  Petitioner, )
  )
v. ) Civil Action No. 11 0734
  )
UNITED STATES OF AMERICA, )
  )
  Respondent. )

## MEMORANDUM OPINION

Petitioner, who is incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, alleges that he is unlawfully detained following his conviction in and sentence imposed by the United States District Court for the District of Alaska. *See* Judgment in a Criminal Case, *United States v. Spencer*, No. 1:07-cr-00005-01 (D. Alaska Mar. 5, 2008). Generally, petitioner contends that he is not the proper party to the underlying criminal action. He demands that the court issue an order either directing respondent "to produce documentary proof to establish jurisdiction and legality of [his] restraint," or, alternatively, releasing him from custody. Pet. at 31. The petition will be denied.

Where, as here, petitioner challenges the jurisdiction of the federal court imposing sentence or attacks on the constitutionality of his conviction, he must do so in a motion in the sentencing court under 28 U.S.C. § 2255. *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (stating that a motion under Section 2255 "is the proper means of attacking errors that occurred during or before sentencing"); *Taylor v. U.S. Board of Parole*, 194

F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under Section 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The petitioner has not shown that his available remedy is inadequate or ineffective, because he has sought not only a direct appeal of his criminal conviction, *see United States v. Spencer*, 340 F. App. 414 (9th Cir. 2009) (affirming conviction and imposition of a sentence greater than indicated by advisory sentencing guidelines), but also a motion to vacate or set aside his sentence, *see* Order of Dismissal, *United States v. Spencer*, No. 1:07-cr-00005-01 (D. Alaska Feb. 9, 2011) (summarily dismissing Section 2255 motion on the ground that petitioner's claims were palpably incredible and patently frivolous).

The Court therefore will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion is issued separately on this same date.

DATE: April 8, 2011

United States District Judge